UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SUZANNE L. BEVERIDGE ) <br> ) <br>      Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JO ANNE B. BARNHART, ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br>      Defendant. ) <br> ) | CIV 05-1751 PHX  JWS <br><br> ORDER AND OPINION <br><br> [Re: Motions at Docket <br>    Numbers 11 and 16] |

## I.  MOTIONS PRESENTED

At docket 11, plaintiff Suzanne Beveridge moves for summary judgment.  At docket 16, defendant JoAnne B. Barnhart, Commissioner of Social Security Administration ("SSA"), opposes the motion and cross-moves for summary judgment. Plaintiff's response is filed at docket 23.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

This dispute arises from defendant's denial of plaintiff's application for disability benefits.  On March 6, 2003, plaintiff Suzanne Beveridge applied for disability insurance

benefits ("DIB")[1] and supplemental security income ("SSI")[2] under Title II and Title XVI of the Social Security Act ("the Act").[3] Beveridge claimed a disability onset date of June 1, 2001, and identified the condition limiting her ability to work as "[a]rm problems."[4] Beveridge, who has an eighth grade education and completed her GED, previously worked as a day care provider, food server, store clerk, and in-home care provider.[5] Beveridge is insured for disability benefits through December 31, 2003.

The SSA denied Beveridge's applications for DIB and SSI.[6] The SSA's decision was upheld on reconsideration.[7] At a hearing before an Administrative Law Judge ("ALJ") on June 25, 2004, Beveridge alleged a combination of impairments, including left elbow problems, torticollis, depression, and anxiety.[8] The ALJ ordered a consultative psychological examination and IQ testing. At the supplemental hearing, Beveridge argued that her impairments medically meet or equal listed impairments, specifically listings 5.08 "Weight Loss due to any persisting gastrointestinal disorder," 12.4 "Affective Disorders," and 12.05 "Mental Retardation." By decision dated

---

[1] Administrative Record ("AR") at 134-136, doc. 8a. Hereinafter, references to the administrative record will include AR and the bates number.

[2] AR at 314-318.

[3] AR at 116-118.

[4] AR at 143.

[5] AR at 164-167.

[6] AR at 108-111.

[7] AR at 114-116.

[8] AR at 97.

December 17, 2004, the ALJ concluded that Beveridge was not disabled,[9] finding that Beveridge has the residual functional capacity to perform a "significant range [of] work activity which exists in significant numbers in the national economy."[10]  The Social Security Appeals Council denied Denny's request for review of the ALJ's decision.[11]  Beveridge now seeks judicial review of the ALJ's decision.  Jurisdiction is conferred by 42 U.S.C. § 405(g).

### III.  STANDARD OF REVIEW

Under the Social Security Act, a "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months."[12]  A person is not disabled if he or she is capable of engaging "in any...kind of substantial gainful work which exists in the national economy."[13]

"Disability claims are evaluated using a five-step sequential analysis."[14]  At step one, the ALJ determines whether the claimant is currently working and the work is substantial gainful activity.  If so, the claimant is not disabled.[15]  At step two, the ALJ assesses whether the claimant has a medically severe impairment or combination of

---

[9] AR at 30-37.

[10] AR at 36.

[11] AR at 8.

[12] 42 U.S.C. § 423(d)(1)(A).

[13] 42 U.S.C. § 423(d)(2).

[14] *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); 20 C.F.R. § 404-1520.

[15] 20 C.F.R. §§ 404.1520(b), 416.920(b).

impairments; that is, whether the impairment or combination of impairments significantly limits basic work activities. If not, the claimant is not disabled.[16] At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or equals an impairment listed in an appendix to the regulations.[17] If so, the claimant is considered disabled regardless of age, education, or work experience.[18] At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and whether the claimant is capable of performing work he or she has performed in the past fifteen years. If so, the claimant is not disabled.[19] At step five, the ALJ determines whether the claimant is capable of performing any other work in the national economy. If so, the claimant is not disabled.[20] "The claimant carries the initial burden of proving a disability in steps one through four of the analysis."[21] If the claimant establishes the inability to perform past relevant work, the burden shifts to the ALJ to "identify other jobs that the claimant is capable of performing."[22]

Upon denial of disability benefits, a claimant may request the SSA Appeals Council to review the ALJ's decision.[23] Where, as here, the Appeals Council denies a

---

[16] 20 C.F.R. §§ 404.1520(c), 416.920(c).

[17] 20 C.F.R. pt. 404, subpt. P, App. 1.

[18] 20 C.F.R. §§ 404.1520(d), 416.920(d).

[19] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[20] 20 C.F.R. §§ 404.1520(f), 416.920(f).

[21] *Burch*, 400 F.3d at 679.

[22] 42 U.S.C. § 405(g).

[23] 20 C.F.R. § 404.967.

request for review, the decision of the ALJ represents the final decision of the Commissioner.[24] The claimant may then seek judicial review of the ALJ's decision by the district court.[25] On *de novo* review, the district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision, with or without remanding the case for a rehearing.[26] The ALJ's decision must be upheld if it is supported by substantial evidence and the ALJ applied the correct legal standards.[27] "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[28] When evidence supports either confirming or reversing the ALJ's decision, the reviewing court may not substitute its judgment for that of the ALJ.[29]

## IV. DISCUSSION

At issue is whether the ALJ applied the proper legal standards and substantial evidence in the record supports the ALJ's determination that Beveridge is not disabled. In determining Beveridge is not disabled, the ALJ employed the sequential five-step

---

[24] *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. § 404.981).

[25] 42 U.S.C. § 405(g).

[26] *Id.*

[27] *Howard v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2001).

[28] *Id.* (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

[29] *Batson*, 359 F.3d at 1196.

process.  At step one, which is not disputed, the ALJ found that Beveridge has not engaged in substantial gainful activity since her alleged disability onset date.

At step two, the ALJ found that the objective medical evidence indicates that Beveridge "has a remote history of left elbow surgery, well healed, a history of torticollis with neck pain, an affective disorder, and borderline intellectual functioning, impairments that are severe within the meaning of the Regulations."[30]  Beveridge argues that her "rectal bleeding, low hematocrit levels, and weight loss" should also have been considered severe impairments, and that "the effect of those impairments, in combination with the other impairments, should have been considered in the disability determination process."[31]  Defendant alleges that the ALJ properly considered Beveridge's alleged rectal bleeding.  However, the ALJ's decision does not mention Beveridge's rectal bleeding, nor is there any evidence that the ALJ considered the combined effect of Beveridge's rectal bleeding, low hematocrit levels, and weight loss with the impairments the ALJ deemed to be severe.  Because Beveridge has multiple impairments, the ALJ should have considered the combined effects of all of Beveridge's medically determinable physical and mental impairments throughout the disability determination process.[32]  The ALJ's failure to discuss each impairment at step two does not amount to reversible error because the ALJ found that Beveridge had several severe impairments, thereby meeting the requirements of step two.

---

[30] AR at 32.

[31] Memorandum in Support of Motion at 5, doc. 13.

[32] 20 C.F.R. §§ 404.1523, 416.923.

At step three, the ALJ found that Beveridge's impairments of "remote history of left elbow surgery, well healed, a history of torticollis with neck pain, an affective disorder, and borderline intellectual functioning," while severe, are "not severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4."[33]  Beveridge argues that the ALJ erred in concluding that her impairments did not meet or equal a listed impairment.  Beveridge specifically argues that she meets or equals listing 5.08A, "Weight loss due to any persisting gastrointestinal disorder," and listing 12.05C, "Mental Retardation."

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim. To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment."[34] "If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all the claimant's impairments will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment."[35]

The court finds that there is substantial evidence in the record to support the ALJ's finding that Beveridge failed to demonstrate that she meets the characteristics of listing 5.08A.  Pursuant to listing 5.00(B), weight loss will be considered under the

---

[33] AR at 32.

[34] *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (emphasis in original) (citing 20 C.F.R. § 404.1526).

[35] *Id.*

criteria in listing 5.08 "[w]hen the primary disorder of the digestive tract has been established." Here, no gastrointestinal disorder has been established. In addition, the medical evidence does not demonstrate that her qualifying low weight "ha[s] persisted for at least 3 months despite prescribed therapy and [is] expected to persist at this level for at least 12 months."[36] As such, Beveridge does not meet the listing for weight loss due to a persisting gastrointestinal disorder.

In addition, the court finds that substantial evidence in the record supports the ALJ's determination that Beveridge does not meet the characteristics of listing 12.05C. Listing 12.05 defines "mental retardation" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."[37] Listing 12.05(C) further requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function." Here, the evidence indicates that Beveridge has a full scale IQ of 72, has borderline intellectual functioning, reads at the fifth grade level, and has a depressive disorder.[38] Consequently, Beveridge does not meet the listing for mental retardation.

At issue is whether Beveridge's combination of impairments equals listing 5.08A or 12.05C. "Equivalence is determined on the basis of a comparison between the

---

[36] 20 C.F.R. pt. 404, subpt. P., app. 1, § 5.08.

[37] 20 C.F.R. pt. 404, subpt. P., app. 1, § 12.05.

[38] AR at 298-299.

'symptoms, signs and laboratory findings' about the claimant's impairment as evidenced by the medical records' with the medical criteria shown with the listed impairment."[39] Equivalence may be determined if a claimant has multiple impairments, none of which meets the listing requirement, but which when viewed in the aggregate are equivalent to a listed impairment.[40] In determining whether a combination of impairments establishes equivalence to a listing under step three, the ALJ must adequately explain his evaluation of the combined effects of the impairments.[41]

In his written decision, the ALJ did not explain his evaluation of the combined effects of Beveridge's impairments, nor did he explain how he made his determination that Beveridge's impairments are not equivalent to a listed impairment. The ALJ's decision summarily states:

> The undersigned further finds the objective medical evidence of record also indicates the claimant has a remote history of left elbow surgery, well healed, a history of torticollis with neck pain, an affective disorder, and borderline intellectual functioning, impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.[42]

This finding is insufficient to show that the ALJ actually considered equivalence.[43]

---

[39] *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

[40] *Burch,* 400 F.3d at 682 (quoting SSR 02-01p (202)).

[41] *Id.*

[42] AR at 32.

[43] *Marcia*, 900 F.2d at 176.

Moreover, at the hearing, the ALJ repeatedly stated that under his reading of the regulations, an ALJ does not have the authority to make a finding of equivalence "absent a doctor appointed by the Commissioner" opining that there is medical equivalence.[44]  Dr. Hershel Goren, a medical expert appointed by the Commissioner, also testified that he could not consider an equivalency of listed impairment 12.05C because 12.05C refers to a full scale IQ of between 60 and 70, and Beveridge has a full scale IQ of 72.[45]

The ALJ's reading of the regulations is erroneous.  The applicable regulations state that the SSA "will always base our decision about whether your impairment(s) is medically equal to a listed impairment on medical evidence only" and that the SSA "will also consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner in deciding medical equivalence."[46]  The regulations also provide that the final responsibility for deciding medical equivalence rests with the ALJ.[47]

Dr. Goren's position that a claimant cannot equal listing 12.05C if the claimant has an IQ over 70 also appears to be incorrect, given that the SSA's Program Operation Manual specifically states that "slightly higher IQ's (e.g., 70-75) in the presence of other

---

[44]AR at 86, 85,88, 90

[45]AR at 76.

[46]20 C.F.R. §§ 404.1526(b), 416.926(b).

[47]20 C.F.R. §§ 404.1527(f)(2)(iii), 416.926(d).

physical or mental disorders that impose additional and significant work-related limitation of function may support an equivalence determination."[48]

For the reasons stated above, the court remands this case to the ALJ for a proper determination of step three equivalence considering Beveridge's multiple impairments. While the district court has discretion to remand for further proceedings or to award benefits, remand is appropriate here because additional proceedings can remedy the defects in the original administrative proceeding, and the ALJ is in a better position to evaluate the medical evidence.[49] If the ALJ finds that Beveridge's combination of impairments equal a listing, Beveridge is to be presumed disabled, and benefits should be awarded. If the ALJ determines that Beveridge's medical evidence is insufficient to raise a presumption of disability, the ALJ should continue the disability evaluation to steps four and five.[50] Should evaluation of steps four and five be necessary on remand, the ALJ is required to consider the limiting effects of all of Beveridge's medically determinable impairments, even those that are not severe, in determining her residual functional capacity.[51] Because the court remands for reconsideration at step three, the court does not reach the other arguments raised by Beveridge.

---

[48] DI 24515.056, filed at appendix 4, doc. 13.

[49] *Marcia*, 900 F.2d at 176.

[50] *Marcia*, 900 F.2d at 176-177.

[51] 20 C.F.R. §§ 404.1545(e), 416.945(e).

## V.  CONCLUSION

For the reasons set forth above, defendant's cross-motion at docket 16 is **DENIED**, and plaintiff's motion at docket 11 is **GRANTED IN PART** and **DENIED IN PART**.  The ALJ's decision denying Beveridge's claim for benefits is **REVERSED**, and this matter is hereby **REMANDED** to the ALJ for further proceedings consistent with this order.

DATED at Anchorage, Alaska, this 17th day of April 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE